IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MORASCH MEATS, INC.,

               Plaintiff,

    v.

FREVOL HPP, LLC; ALL NATURAL
FRESHNESS, INC.; GERALD LUDWICK;
and PAIGE M. RAIFSNIDER LUDWICK

               Defendants.

3:16-cv-00269-PK

FINDINGS &
RECOMMENDATION

---

PAPAK, Magistrate Judge:

Plaintiff Morasch Meats, Inc. ("Morasch") brings this action against defendants Frevol

HPP, LLC ("Frevol"), All Natural Freshness, Inc. ("All Natural"), Gerald Ludwick ("Mr.

Ludwick), and Paige M. Raifsnider Ludwick ("Mrs. Ludwick").  Morasch asserts claims for

breach of contract, intentional interference with contractual relations, and conversion.  Now

before the court are Defendants' Motion to Dismiss[1] and Alternative Motion for a More Definite

Statement (#12).  For the reasons provided below, both of the motions should be denied.

## BACKGROUND[2]

The parties' dispute arises out of a series of three contracts.  In the first agreement, Frevol

and Mr. Ludwick agreed to provide Morasch with a high pressure processing machine ("HPP

machine") to be used for industrial food pasteurization (the "Equipment Agreement").  Compl. ¶

---

[1] Defendants couch their primary motion as a motion to strike, but as explained below, it is
properly construed as a motion to dismiss.
[2] Except where expressly indicated otherwise, I construe the  allegations in Plaintiff's Complaint,
any matters incorporated by reference therein, and of any matters properly subject to judicial
notice in the light most favorable to Plaintiff.

FINDINGS & RECOMMENDATION—PAGE 1

7 (#1). All Natural served as the sales agent for Frevol and Mr. Ludwick in relation to the Equipment Agreement. *Id.* In the second agreement, Frevol and Mr. Ludwick agreed that Morasch's HPP machine would serve as the exclusive showcase product that Frevol and Mr. Ludwick would use to sell HPP machines to others (the "Showcase Agreement"). *Id.* at ¶ 8. Pursuant to the Showcase Agreement, Morasch was entitled to a commission on Frevol's and Mr. Ludwick's North American sales of HPP machines. *Id.* In the third agreement, Morasch agreed to appoint All Natural as an authorized, non-exclusive independent representative to promote Morasch's high pressure processing of third-party products (the "Commission Lead Agreement"). *Id.* at ¶ 9.

Morasch now brings this suit on all three agreements, alleging that Defendants breached the agreements, interfered with Morasch's contractual relationship with Frevol, and converted Morasch's property. The present motion concerns only Morasch's claim for intentional interference with contractual relations.

## LEGAL STANDARDS

### I.    Motion to Dismiss

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)); *see also* Fed. R. Civ. P. 8(a). Instead, the plaintiff must plead affirmative factual content, as opposed to a

conclusory allegation that the elements of a claim have been satisfied, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Additionally, "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996)). The court also "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court need not, however, accept as true legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When granting a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir.1990).

## II.    Motion for a More Definite Statement

Federal Civil Procedure Rule 12(e) governs motions for a more definite statement and provides, in relevant part, as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Motions for more a more definite statement are "disfavored" and "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Ramos v. U.S. Bank Nat. Ass'n*, No. 08-CV-1150-PK, 2009 WL 1475023, at *7 (D. Or. May 20, 2009) (internal quotation marks omitted) (quoting *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D.Cal.1994)); *accord Velasquez v. HSBC Fin. Corp.*, No. 08-4592 SC, 2009 WL 112919, at *1 (N.D. Cal. Jan. 16, 2009) ("Rule 12(e) motions are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." (citation omitted)). Such motions should be denied "if the complaint is specific enough to give notice to the defendants of the substance of the claim asserted." *Millenium Drilling Co. v. House-Meyers*, No. 2:12-CV-00462-MMD, 2013 WL 2152756, at *2 (D. Nev. May 16, 2013) (citation omitted). Importantly, "where the detail sought by a motion for more definite statement is available through discovery, the motion should be denied." *Ramos*, 2009 WL 1475023, at *7 (citing *Beery v. Hitachi Home Elecs. (Am.)*, 157 F.R.D. 477, 480 (C.D.Cal.1993)). "A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)." *Velasquez*, 2009 WL 112919, at *1 (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D.Cal.1996)).

## DISCUSSION

### I.    Motion to Dismiss

Defendants' Motion to Dismiss should be denied. Defendants move to "strike" Morasch's claim for intentional interference with contractual relations. However, Defendants' brief makes clear that they actually move to dismiss the claim on the grounds that it fails to state a plausible

claim against Mr. Ludwick.[3]  Federal Rule of Civil Procedure 12(f) governs motions to strike.

That rule permits a court to "strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter."  Morasch's intentional interference claim is

obviously not a defense.  Therefore, Defendants cannot move to strike the claim on the grounds

that it is "insufficient."  *See id.* (permitting the court to strike an insufficient *defense*).  Moreover,

Defendants do not argue that the claim is redundant, immaterial, impertinent, or scandalous.

Rather, Defendants argue that the intentional interference claim is not plausible.  In support,

Defendants rely heavily on the United States Supreme Court's 12(b)(6) decisions in *Iqbal* and

*Twombly*.  Therefore, I construe Defendants' primary motion as a motion to dismiss.

Morasch alleges that Mr. and Mrs. Ludwick intentionally interfered with its contractual

relationship with Frevol.  The parties agree that Oregon law governs Morasch's intentional

interference claim.  Under Oregon law:

> To state a claim for intentional interference with economic relations, a plaintiff
> must allege each of the following elements: (1) the existence of a professional or
> business relationship (which could include, e.g., a contract or a prospective
> economic advantage), (2) intentional interference with that relationship, (3) by a
> third party, (4) accomplished through improper means or for an improper purpose,
> (5) a causal effect between the interference and damage to the economic
> relationship, and (6) damages.

*McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841 (1995) (citations omitted), *cited*

*with approval in, Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 15 F. Supp.

3d 1075, 1105 (D. Or. 2014).  Defendants argue Morasch has failed to sufficiently plead

the second, fourth, and fifth element of its claim.  I disagree.

With respect to intent, the second element, Morasch must prove that Mr. Ludwick

knew that interference was "substantially certain to occur" from his actions.  *See Aylett v.*

---

[3] Morasch asserts its intentional interference claim against both Mr. Ludwick and Mrs. Ludwick.
Defendants do not argue that Morasch fails to state a claim against Mrs. Ludwick.

*Universal Frozen Foods Co.*, 861 P.2d 375, 379 (Or. App. 1993) (citing *Straube v. Larson*, 600 P.2d 371, 374 (Or. 1979)), *cited with approval in, Greenwood v. Tillamook Cty.*, No. 05-CV-0058 BR, 2006 WL 2400075, at *4 (D. Or. Aug. 16, 2006). In order to establish improper means, the fourth element, Morasch must prove that Mr. Ludwick violated "some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law, or, perhaps, an established standard of a trade or profession." *Int'l Longshore & Warehouse Union*, 15 F. Supp. 3d at 1108 (internal quotation marks omitted) (quoting *Nw. Nat. Gas Co. v. Chase Gardens, Inc.*, 982 P.2d 1117, 1124 (Or. 1999)).

In its Complaint, Morasch alleges Mr. Ludwick was a party to the Equipment Agreement. Compl. ¶ 7 (#1). The agreement required Morasch to pay $1,550,000 in exchange for the HPP machine and additional related equipment. *Id.* at ¶¶ 10-11. Morasch further alleges that Mr. Ludwick interfered with the agreement by misappropriating both the funds paid by, and the equipment intended for, Morasch under the terms thereof. *Id.* at ¶¶ 12-14, 16, 17, 39.

Because Mr. Ludwick was allegedly a party to the Equipment Agreement, Morasch is entitled to the reasonable inference that Mr. Ludwick knew that he was substantially certain to interfere with the agreement by misappropriating money and equipment required by its terms. *See Navarro*, 250 F.3d at 732 (In ruling on a motion to dismiss, "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." (citing *Cahill*, 80 F.3d at 338)). Moreover, it is reasonable to infer that Mr. Ludwick's alleged misappropriation violated Oregon law. *See also* Compl. ¶¶ 43-46 (alleging Mr. Ludwick's liability for conversion

FINDINGS & RECOMMENDATION—PAGE 6

in relation to some of the misappropriated equipment). Thus, Morasch has sufficiently alleged the second and fourth elements of its intentional interference with contractual relations claim. *See Aylett*, 861 P.2d at 379 (citing *Straube*, 600 P.2d at 374).

Morasch has also sufficiently alleged the fifth element of its intentional interference with contractual relations claim—causation. Morasch alleges that its contractual relationship with Frevol was damaged "as a direct and proximate result of Mr. and Mrs. Ludwicks' interference." Compl. ¶ 41 (#1). Morasch further alleges that the Ludwicks' misappropriation of funds and equipment caused Morasch to pay $432,000 in additional expenses and costs and deprived Morasch of the fully operational HPP machine and additional equipment that it bargained for under its agreements with Frevol. *See id.* at ¶¶13, 16-18. Therefore, Morasch has sufficiently alleged the fifth element of its intentional interference with contractual relations claim.

Consequently, Defendants' Motion to Dismiss should be denied.

## II.    Motion for a More Definite Statement

Defendants' Alternative Motion for a More Definite Statement should be denied as well. Aside from their arguments for dismissal, Defendants have not made any substantive argument for why they are entitled to a more definite statement.

Morasch's Complaint is specific enough to put Defendants on notice of the nature of Morasch's claims. *See Ramos*, 2009 WL 1475023, at *7 (Motions for more a more definite statement are "disfavored" and "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." (internal quotation marks omitted) (quoting *Sagan*, 874 F. Supp. at 1077)). Indeed, the Complaint goes above and beyond what is required by Federal Rule of Civil Procedure 8. *See*

*Velasquez*, 2009 WL 112919, at *1 ("A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)." (citing *Bureerong*, 922 F. Supp. at 1461)). Defendants' Alternative Motion for a More Definite Statement should therefore be denied as well.

## CONCLUSION

For the reasons provided above, Defendants' Motion to Dismiss and Alternative Motion for a More Definite Statement (#12) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 5th day of May, 2016.

/s/ _____

Honorable Paul Papak
United States Magistrate Judge