Dayna J. Christian, OSB #97336
Nicole McMillan, OSB #114573
Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, Oregon 97209
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: dayna.christian@immixlaw.com
E-Mail: nicole.mcmillan@immixlaw.com

Attorneys for Plaintiff Morasch Meats, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| MORASCH MEATS, INC., an Oregon corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FREVOL HPP, LLC fka FRESHER EVOLUTION HPP, L.L.C., a Michigan limited liability company, dba NEXT HPP; ALL NATURAL FRESHNESS, INC., a Michigan corporation; and GERALD R. LUDWICK, an individual,<br><br>　　　　　Defendants. | Case No.: 3:16-cv-00269-PK<br><br>**PLAINTIFF MORASCH MEATS, INC.'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANTS FREVOL HPP, LLC AND ALL NATURAL FRESHNESS, INC. ONLY**<br><br>*Oral Argument Requested*<br><br>*Expedited Consideration Requested* |

## I.  <u>LOCAL RULE 7-1 AND 55-1 CERTIFICATION</u>

Pursuant to Local Rules 7-1 and 55-1, counsel for Plaintiff Morasch Meats, Inc.

("Plaintiff" or "Morasch") certifies that it has thoroughly conferred in good faith with Michelle

E. Vocht ("Ms. Vocht"), counsel for Frevol HPP, LLC ("Frevol"), All Natural Freshness, Inc.

("ANF"), and Gerald R. Ludwick ("Mr. Ludwick") (collectively "Defendants," and together with

Plaintiff, the "Parties") via telephone regarding the matters addressed in this Motion for Reconsideration of Plaintiff's Motion for Entry of Default and Default Judgment Against Defendants Frevol HPP, LLC and All Natural Freshness, Inc. Only ("Motion for Reconsideration"). Due to the content of this Motion for Reconsideration and its request directed at the Court, Ms. Vocht's position is that she cannot consent.

## II. <u>MOTION FOR RECONSIDERATION</u>

Pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(6), Plaintiff moves this Court for reconsideration of its denial of Plaintiff's Motion for Entry of Default and Default Judgment Against Defendants Frevol HPP, LLC and All Natural Freshness, Inc. Only (Docket No. 207) ("Motion for Default"), which was filed on May 24, 2018. Specifically, Plaintiff seeks relief from: (1) this Court's order waiving Local Rule 83-3(a)(1) and permitting Ms. Vocht to proceed in representing Defendants without local counsel; and (2) this Court's order ruling that Plaintiff's dispositive Motion for Default was denied as moot. This Motion for Reconsideration is supported by the background facts and memorandum of law set forth below.

## III. <u>BACKGROUND FACTS</u>

Plaintiff's Motion for Default includes a complete statement of the background facts upon which it is based. *See Motion for Default*, 2–4. Those background facts are hereby incorporated as if fully restated herein. Plaintiff also hereby incorporates as if fully restated herein the facts set forth in Plaintiff Morasch Meats, Inc.'s Motion for Sanctions, which detail (among other things) the significant need for the assistance of local counsel in this case and the impact that ineffective local counsel has had upon Plaintiff and Plaintiff's counsel during the litigation of this case. *See Plaintiff Morasch Meats, Inc.'s Motion for Sanctions* (Docket No. 156).

On May 31, 2018, this Court held a telephone conference to discuss Defendants' failure to obtain local counsel following Alexander Trauman's ("Mr. Trauman") withdrawal. *See Minutes of Proceedings* (Docket No. 216). During that telephone conference, the Court waived

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

Local Rule 83-3(a)(1), which requires an out-of-state attorney who is admitted *pro hac vice*—such as Ms. Vocht—to associate with local counsel "who will meaningfully participate in the preparation and trial of the case." Local Rule 83-3(a)(1); *see Minutes of Proceedings* (Docket No. 216). The Court then ordered that Ms. Vocht could "proceed as representing Defendants without local counsel," and as a result denied Plaintiff's Motion for Default as moot. *See Minutes of Proceedings* (Docket No. 216). No separate hearing was held to address the substance of Plaintiff's Motion for Default. *See id.* Plaintiff's counsel believes that the Court's waiver of Local Rule 83-3(a)(1) and the resulting denial of Plaintiff's Motion for Default was in error and hereby respectfully requests that this Court reconsider its ruling.

## IV.  MEMORANDUM OF LAW

**A.  This Court's Local Rules require attorneys who are admitted *pro hac vice* to associate with local counsel. This requirement may only be waived if no party's substantial rights would be affected by such waiver.**

District courts have discretion to adopt local rules. *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *see also* 28 U.S.C. § 2071; FRCP 83. Once adopted, local rules "have 'the force of law.'" *Hollingsworth*, 558 U.S. at 191 (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). Local rules "are binding upon the parties and upon the court." *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994); *see also In re Corrinet*, 645 F.3d 1141, 1146 (9th Cir. 2011) ("District judges must adhere to their court's local rules, which have the force of federal law."). To amend a local rule, specific procedures must be followed, typically including a public notice and comment period. *Hollingsworth*, 558 U.S. at 191; FRCP 83(a)(1).

This Court's Local Rules require that all attorneys practicing before it must either be members of the Oregon State Bar or appear in association with an Oregon State Bar member. Admission to this District Court's bar "is limited to attorneys of good moral character who are active members in good standing with the Oregon State Bar." Local Rule 83-2. With regard to out-of-state attorneys who wish to appear before this District Court in a particular case, the Local Rules provide:

> Any attorney who is an active member in good standing of the bar of any United States court, or the highest court of any state, territory, or insular possession of the United States, may apply to be specially admitted *pro hac vice* in a particular case, provided he or she . . . [a]ssociates with an attorney admitted to general practice before the bar of this Court, who will meaningfully participate in the preparation and trial of the case.

Local Rule 83-3(a)(1). The Application for *Pro Hac Vice* Admission and CM/ECF Registration reiterates this requirement, stating that "LR 83-3(a)(1) *requires* applicants for *pro hac vice* admission to associate with local counsel, unless requesting a waiver of the requirement under LR 45-1." *Application for Pro Hac Vice Admission and CM/ECF Registration*, at 4, *available at* https://ord.uscourts.gov/index.php/606-attorneys/attorney-admissions (emphasis added). This waiver is only applicable to attorneys seeking admission "for the limited purpose of filing a motion related to a subpoena that [the District Court] did not issue." *Id.*; *see also* Local Rule 45. Thus, except under the limited circumstances set forth in Local Rule 45, all *pro hac vice* attorneys appearing before this District Court must be affiliated with a local Oregon attorney who is a meaningful participant in the case. The purpose of this requirement is to ensure that out-of-state attorneys are well-versed in the Local Rules, comfortable with Oregon law, and rise to the level of professionalism required in the District of Oregon. *In re Pac. Cargo Servs., LLC*, No. 13-30439, 2013 WL 5299545, at *10 (D. Or. Sept. 18, 2013).

Local rules must be followed in all but the most limited of circumstances. Local Rule 1-4 provides that "[i]n the interest of justice, a judge *may* suspend or modify the application of [the Local Rules] in an individual case or group of cases." Local Rule 1-4 (emphasis added). However, this District Court has emphasized that such discretion should only be exercised in very limited circumstances:

> This court has used LR 1-4 to dispense with technical pleading requirements, such as page limitations or citation format, to change case schedules, or to waive the requirement to file certain documents such as Concise Statements of Material Fact (no longer required), Joint Alternative Dispute Resolution Reports, or Pretrial Orders. However, such use of LR 1-4 differs significantly from using it to alter case assignment rules. . . . Local Rules are no small matter: "District judges must adhere to their court's local rules, which have the force of federal law. . . . 'Courts enforce the requirement of procedural regularity on others and must follow those requirements themselves.'" *In re Corrinet*, 645 F.3d 1141, 1146 (9th Cir. 2011),

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

quoting *Hollingsworth v. Perry*, 558 U.S. 183, 184 (2010). This court is not persuaded that it should use LR 1-4 to dispense with the clear case assignment mandate embodied in [the Local Rules].

*Cox v. Holcomb Family Ltd. P'ship*, No. 3:13-cv-01688-ST, 2014 WL 5462022, at *18 (D. Or. Oct. 26, 2014). Local Rule 1-4 discretion is typically used to modify the Local Rules only as they apply to mere formalities or technicalities, the acceptance of which does not prejudice any party. *See Cook v. Union Pac. R.R. Co.*, No. 10-6339-TC, 2011 WL 5842795, at *3 (D. Or. Nov. 18, 2011) (permitting cross-motions that did not comply with the Local Rules to proceed when no party was prejudiced by this failure); *Webformix, Inc. v. Airspan Networks Inc.*, No. 10-6229-TC, 2010 WL 5292588, at *2 (D. Or. Dec. 17, 2010) (permitting a document into the record when its signed signature line failed to include the "s/" required by the Local Rules).

Unlike exceptions for non-prejudicial technical issues, "a departure from local rules that affects 'substantial rights' requires reversal . . . [and] is justified only if the effect is 'so slight and unimportant that the sensible treatment is to overlook [it].'" *Prof'l Programs Grp.*, 29 F.3d at 1353 (internal citations omitted). When the Local Rules contain a "clear . . . mandate" on a matter that exceeds a mere technical formality, Local Rule 1-4 should not be used to dispense with that mandate. *See Cox*, 2014 WL 5462022, at *18.

**B.** **This Court's decision to let Ms. Vocht appear in this matter without local counsel violates two Local Rules and adversely impacts both Plaintiff's and Defendants' counsel.**

As set forth above, this Court's Local Rules have the force of law and are binding upon the Court and all parties that appear before it. *See Hollingsworth*, 558 U.S. at 191; *Prof'l Programs Grp.*, 29 F.3d at 1353; *In re Corrinet*, 645 F.3d at 1146. The Local Rules require that all attorneys who appear and represent parties before this Court must (1) be an active member of the Oregon State Bar or (2) be admitted *pro hac vice* to appear in a particular case and associate with local counsel who meaningfully participates in the case. Local Rule 83-2; Local Rule 83-3(a)(1). This Court's order that Ms. Vocht may appear before it and represent Defendants without local counsel violates these rules.

/ / /

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

On September 1, 2016, Ms. Vocht was admitted to appear before this Court *pro hac vice* in relation to this matter, with Mr. Trauman as her local counsel.[1] *See Application for Special Admission–Pro Hac Vice* (Docket No. 37); *Order Granting Application for Special Admission– Pro Hac Vice Subject to Payment of Fees* (Docket No. 43). On May 1, 2018, Mr. Trauman filed a motion to withdraw, seeking the Court's permission to withdraw as local counsel for all Defendants. *Motion of Motschenbacher & Blattner LLP to Withdraw as Counsel of Record for Defendants* (Docket No. 197). During a telephonic hearing on May 4, 2018, the Court provisionally granted Mr. Trauman's motion to withdraw and admonished Defendants that they had twenty days to find substitute local counsel, or the entity Defendants—by rule—would not be allowed to proceed unrepresented. *Minutes of Proceedings* (Docket No. 200).

Twenty days later, Ms. Vocht notified the Court by email that Defendants had failed to find substitute local counsel and acknowledged that her *pro hac vice* status was therefore expiring. That same day, Plaintiff filed its Motion for Default against the now-unrepresented entity Defendants. *See Motion for Default*. The Court set a telephonic hearing on May 31, 2018, at which it announced to the Parties that it was waiving the local counsel requirement, Ms. Vocht was allowed to "proceed as representing Defendants without local counsel," and the Motion for Default was therefore "Denied as Moot." *See Minutes of Proceedings* (Docket No. 216). In doing so, this Court waived the assistance of local counsel requirement mandated by Local Rule

/ / /

---

[1] Ms. Vocht's *pro hac vice* application sought admission to represent former Defendant Paige Raifsnider Ludwick ("Ms. Ludwick") and did not address any of the other Defendants in this case or seek admission to appear before this Court on their behalf. *See Application for Special Admission–Pro Hac Vice* (Docket No. 37). In an odd series of filings, after the Court granted Ms. Vocht's *pro hac vice* application, Mr. Trauman filed a Notice of Substitution of Counsel as to all Defendants on September 23, 2016, noticing the appearance and substitution of himself and Ms. Vocht as new counsel for Frevol, ANF, and Mr. Ludwick (but excluding Ms. Ludwick). *See Notice of Substitution of Counsel* (Docket No. 51). Three days later, Ms. Vocht filed a Notice of Appearance for herself as to all Defendants, again excluding Ms. Ludwick. *See Notice of Appearance of Michelle E. Vocht* (Docket No. 52). Ms. Ludwick was dismissed from this case on June 9, 2017. *Judgment of Dismissal as to Defendant Paige M. Raifsnider Ludwick (Only)* (Docket No. 96). Thus, the only party Ms. Vocht has been granted permission to represent before this Court is no longer a party to this litigation.

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

83-3(a)(1) and effectively elevated Ms. Vocht's status to that of a generally admitted attorney pursuant to Local Rule 83-2.

Since May 31, 2018, Ms. Vocht has followed this Court's directive and proceeded to represent Defendants without the assistance of local counsel and in direct violation of Local Rule 83-3(a)(1). Further, Ms. Vocht is not a member of the Oregon State Bar, as required for stand-alone admission to this District Court's bar under Local Rule 83-2. Both Local Rule 83-2 and 83-3(a)(1) set forth clear mandates that are binding upon this Court and all parties that appear before it; neither includes a waiver provision. Thus, it was improper for this Court to set aside the local counsel requirements as applied to Ms. Vocht and direct her to represent Defendants in violation of the Local Rules.

Importantly, this Court's waiver of the local counsel requirement is particularly concerning with regard to the purposes underlying the local counsel requirement: ensuring that parties are represented by attorneys familiar with Oregon law, this Court's Local Rules and customs, and the standard of professionalism required before this Court. *See In re Pac. Cargo Servs., LLC*, 2013 WL 5299545, at *10. Plaintiff moved for sanctions in this case and called to the Court's attention conduct that falls squarely within the purposes for requiring meaningful participation of local counsel.[2] *See Plaintiff Morasch Meats, Inc.'s Motion for Sanctions* (Docket No. 156). The facts and arguments underlying Plaintiff's request for sanctions are fully set forth in the Motion for Sanctions (Docket No. 156) and are hereby incorporated as if fully restated herein. The Court's directive to Ms. Vocht to represent Defendants without the assistance of local counsel not only impacts Plaintiff's request for sanctions, but also may well adversely impact Ms. Vocht's ability to defend against the sanctions request. In this regard, both Plaintiff's and Defendants' counsel are prejudiced by the Court's waiver of the requirement for local counsel assistance.

---

[2] Plaintiff's motion seeking sanctions is currently pending before this Court. The Court has indicated that it will be heard post-trial. *See Order* (Docket No. 187).

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

**C.** **It was improper for this Court to waive the local counsel requirement because Local Rule 83-3(a)(1) sets forth a clear mandate on this point, and this departure from the Local Rules impacted Plaintiff's substantial rights in a significantly prejudicial way.**

As detailed above, this Court's Local Rules must be followed in all but the most limited of circumstances. While Local Rule 1-4 offers judges discretion to modify or suspend application of the Local Rules in the interest of justice, this District Court has clearly stated that such discretion may only be exercised for minor technical formalities and should not be used to avoid a "clear . . . mandate" set forth in the Local Rules regarding a substantive matter that impacts parties' substantial interests or rights. *See Cox*, 2014 WL 5462022, at *18. Here, Local Rule 83 sets forth a clear mandate that attorneys who appear before this Court must either be Oregon State Bar members or *pro hac vice* attorneys accompanied by local counsel. Local Rule 83 does not provide the Court with any opportunity to waive these requirements, and such waiver is not a mere formality or technicality without impact on the Parties' interests or rights in this case.

Rather, Plaintiff was severely prejudiced and its substantial rights were unquestionably impaired by the Court's waiver of Local Rule 83-3(a)(1)'s local counsel requirements. Directing Ms. Vocht to proceed as counsel for Defendants[3] in violation of Local Rule 83-3(a)(1) summarily disposed of Plaintiff's thorough and non-discretionary Motion for Default, which sought entry of default and a default judgment as to both Frevol and ANF. *See Motion for Default*. As fully argued in the Motion for Default, Plaintiff was entitled by law to have the default of both entity Defendants entered, and to have a default judgment entered against them.

---

[3] It is worth noting that Defendants were well aware of the consequences of their failure to obtain substitute local counsel, and despite this fact made only minimal efforts. On May 4, 2018, the Court clearly instructed Ms. Vocht to find new local counsel within twenty days, or the entity Defendants would be without counsel and unable to proceed in the case. *See Minutes of Proceedings* (Docket No. 200). Ms. Vocht reported to the Court that during this twenty-day period, she spoke to only one Oregon attorney (who declined the engagement), as well as several Michigan attorneys with Oregon bar licenses (who also declined the engagement). This minimal effort—despite the well-known outcome that would result if the entity Defendants did not find local counsel—further demonstrates that a waiver of the Local Rules was unwarranted in this case, and was unanticipated and unrequested by any Party to this case.

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

*See id.* However, Plaintiff was given no opportunity for its Motion for Default to be heard on the merits; instead, the Court waived Local Rule 83-3(a)(1)'s local counsel requirement, thereby disposing of the entire Motion for Default as moot. *See Minutes of Proceedings* (Docket No. 216). The Parties received no warning that the Court was contemplating such a departure from the Local Rules, and neither Plaintiff, Defendants, nor Ms. Vocht had any meaningful opportunity to provide their various positions on such a departure before it had been ordered.

If default and default judgment had been entered against Frevol and ANF, Plaintiff was further entitled to application of this Court's previous ruling that the entity Defendants' corporate veils would be pierced if this litigation resulted in a judgment against either entity and Plaintiff was unable to collect. *Opinion and Order*, 11–15 (Docket No. 188). Thus, not only was Plaintiff entitled to a complete default judgment against the entity Defendants, but because the corporate veils would have been pierced, Plaintiff also would have effectively held a judgment for the same amount against Mr. Ludwick personally. Ultimately, this would have resolved the entire litigation. Thus, the ripple effect of the Court's waiver of Local Rule 83-3(a)(1)'s local counsel requirement reaches to the very end of the case.

Plaintiff's entitlement to a default and default judgment against the entity Defendants and a resulting judgment in full as to all Defendants represents the exact type of "substantial rights" that prevent a departure from the Local Rules. *See Prof'l Programs Grp.*, 29 F.3d at 1353. This Court's waiver of Local Rule 83-3(a)(1) did not dispense with a mere technical formality, but instead prevented Plaintiff from obtaining a judgment to which it was entitled, and which ultimately would have resolved the litigation; this is unquestionably a substantial right, and Plaintiff was significantly prejudiced by the Court's departure from the Local Rules. The resulting outright denial as moot of Plaintiff's Motion for Default illustrates that the Court's departure from Local Rule 83-3(a)(1)'s local counsel requirement was neither "slight" nor "unimportant" and therefore should not be overlooked. *See id.* Under these circumstances, reversal is required. *See id.*

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
Facsimile: 503-802-5351

# V. **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Court grant its Motion for Reconsideration and revoke its waiver of Local Rule 83-3(a)(1)'s local counsel requirement. Upon reconsideration, Plaintiff further requests that this Court grant its Motion for Default.

DATED: June 13, 2018

IMMIX LAW GROUP PC

Dayna J. Christian, OSB #97336
Nicole McMillan, OSB #114573
Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, Oregon 97209
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: dayna.christian@immixlaw.com
E-Mail: nicole.mcmillan@immixlaw.com

Attorneys for Plaintiff Morasch Meats, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 13, 2018, I served a true copy of the foregoing **PLAINTIFF MORASCH MEATS, INC.'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANTS FREVOL HPP, LLC AND ALL NATURAL FRESHNESS, INC. ONLY** on the attorney listed below by the method(s) indicated below on said day.


Michelle E. Vocht                                                      ***Via E-Mail***
Roy, Shecter & Vocht, P.C.
707 S. Eton St.
Birmingham, MI 48009
vocht@rsmv.com


Attorneys for Defendants


IMMIX LAW GROUP PC


Dayna J. Christian, OSB #97336
Nicole McMillan, OSB #114573
Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, Oregon 97209
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: dayna.christian@immixlaw.com
E-Mail: nicole.mcmillan@immixlaw.com

Attorneys for Plaintiff Morasch Meats, Inc.