THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MORASCH MEATS, INC.,

        Plaintiff,

        v.

FREVOL HPP, LLC, fka FRESHER
EVOLUTION HPP, L.L.C., et al.,

        Defendants.

No. 3:16-cv-0269-PK

**OPINION AND ORDER**

PAPAK, Magistrate Judge:

      Plaintiff Morasch Meats, Inc. brings this action for breach of contract and fraud against

Defendants Frevol HPP, LLC (Frevol); All Natural Freshness, Inc. (ANF); and Gerald Ludwick

(Ludwick). Because Defendants filed petitions for bankruptcy relief, this action has been stayed

indefinitely. ECF No. 253. I now address Plaintiff's motions for sanctions against Defendants'

counsel, Alexander Trauman and Michelle Vocht. ECF Nos. 156, 254. For the following

reasons, I deny Plaintiff's motions for sanctions. I also deny defense counsel's requests for

sanctions. ECF Nos. 258, 260.

## PROCEDURAL BACKGROUND

Plaintiff initially moved for sanctions against Defendants' counsel in January 2018. ECF

No. 156. Following my usual practice, I reserved ruling on sanctions until this litigation had

concluded. Because of the bankruptcy stay, I now address the motions for sanctions.

Since the bankruptcy stay took effect, Plaintiff has filed a supplemental motion for

sanctions, seeking an award of more than $500,000 for attorney's fees and costs incurred. ECF

No. 254. In their response briefs, Defendants request sanctions against Plaintiff's counsel.

Defs.' Response 41 (Vocht), ECF No. 258; Defs.' Response 11 (Trauman), ECF No. 260.

## LEGAL STANDARDS

### I. Sanctions Under Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11 provides that every pleading, motion, or other paper

presented to the court must be signed by an attorney, or the party if not represented by an

attorney. Fed. R. Civ. P. 11(a). Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by
> signing, filing, submitting, or later advocating it--an attorney or unrepresented
> party certifies that to the best of the person's knowledge, information, and belief,
> formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable opportunity for
> further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if
specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

A court may impose sanctions under Rule 11 if the "pleading, motion, or other paper" in

question is frivolous or brought for an improper purpose. *Townsend v. Holman Consulting*

*Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (citing *Zaldivar v. City of Los Angeles*, 780

F.2d 823, 832 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*,

496 U.S. 384 (1990)).  Both inquiries are objective. *Townsend*, 929 F.2d at 1362.  "Although the

'improper purpose' and 'frivolousness' inquiries are separate and distinct, they will often overlap

since evidence bearing on frivolousness or non-frivolousness will often be highly probative of

purpose." *Id.*

Under Rule 11(c)(4),

A sanction imposed under this rule must be limited to what suffices to deter
repetition of the conduct or comparable conduct by others similarly situated.  The
sanction may include nonmonetary directives; an order to pay a penalty into court;
or, if imposed on motion and warranted for effective deterrence, an order directing
payment to the movant of part or all of the reasonable attorney's fees and other
expenses directly resulting from the violation.

A party seeking sanctions under Rule 11 has the burden of showing that sanctions are justified.

*See Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987).

Rule 11 "must be read in light of concerns that it will . . . chill vigorous advocacy."

*Cooter & Gell*, 496 U.S. at 393.  "If, judged by an objective standard, a reasonable basis for the

position exists in both law and in fact at the time the position is adopted, then sanctions should

not be imposed." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th

Cir. 1986).  "[T]he conduct forming the basis of the charge of harassment must do more than in

fact bother, annoy or vex the complaining party. Harassment under Rule 11 focuses upon the improper purpose of the signer, objectively tested, rather than the consequences of the signer's act, subjectively viewed by the signer's opponent." *Zaldivar*, 780 F.2d at 831-32. The court has discretion in deciding whether to impose a sanction under Rule 11. Fed. R. Civ. P. 11(c).

## II. Other Sources of Authority to Impose Sanctions

"Conduct in depositions, discovery meetings of counsel, oral representations at hearings, and behavior in prior proceedings do not fall within the ambit of Rule 11." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). However, in addition to Rule 11, "the district court has a broad array of sanctions options at its disposal," including "28 U.S.C. § 1927, and the court's inherent authority. Each of these sanctions alternatives has its own particular requirements, and it is important that the grounds be separately articulated to assure that the conduct at issue falls within the scope of the sanctions remedy." *Christian*, 286 F.3d at 1131. The Federal Rules of Civil Procedure governing discovery, and this district's Local Rules also authorize the imposition of sanctions.

### A. Sanctions Under 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To justify an award fees under § 1927, the court must find subjective bad faith. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989). "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Id.* (quoting *Estate of Blas v. Winkler*, 792

F.2d 858, 860 (9th Cir.1986) (citations omitted by *New Alaska*)).  "For sanctions to apply, if a

filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended

to harass."  *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996).  "The purpose of § 1927

may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance,

or to both compensate and deter."  *Haynes v. City and Cty. of San Francisco*, 688 F.3d 984, 987

(9th Cir. 2012).  Although § 1927 "confers substantial leeway on the district court when

imposing sanctions," the court may not "sanction an attorney for *more* than the excess costs,

expenses and fees incurred by the opposing party, but is not required to impose an award that

high."  *Haynes*, 688 F.3d at 987 (citations omitted).  The court may consider the "sanctioned

attorney's ability to pay."  *Id.*

## B.  Sanctions Under Court's Inherent Power

The court has the inherent authority to impose sanctions for "bad faith" actions by

counsel, "which include[] a broad range of willful improper conduct."  *Fink v. Gomez*, 239 F.3d

989, 991-92 (9th Cir. 2001).  The court's "inherent power . . . can be invoked even if procedural

rules exist which sanction the same conduct."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49

(1991).

> [S]anctions are available if the court specifically finds bad faith or conduct
> tantamount to bad faith.  Sanctions are available for a variety of types of willful
> actions, including recklessness when combined with an additional factor such as
> frivolousness, harassment, or an improper purpose.  Therefore . . . an attorney's
> reckless misstatements of law and fact, when coupled with an improper purpose, .
> . . are sanctionable under a court's inherent power.

*Fink*, 239 F.3d at 994.  "The inherent power to sanction 'must be exercised with restraint and

discretion.'"  *Clear Skies Nevada, LLC v. Doe-98.232.166.89*, No. 3:15-cv-2142-AC, 2016 WL

4445244, at *1 (D. Or. Aug. 19, 2016) (quoting *Chambers*, 501 U.S. at 44).

**C. Sanctions Related to Discovery Under the Federal Rules of Civil Procedure**

Several of the Federal Rules of Civil Procedure governing discovery authorize sanctions. Rule 16(f)(1) authorizes sanctions for (A) failure to appear at a scheduling or other pretrial conference; (B) being "substantially unprepared to participate--or . . . not participat[ing] in good faith--in the conference"; or (C) "failure to obey a scheduling or other pretrial order." Rule 26(g)(3) authorizes sanctions for failure to properly sign and certify disclosures, discovery requests, responses, and objections. Rule 30(d)(2) authorizes sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 37(b) authorizes sanctions "if a party 'fails to obey an order to provide or permit discovery.'" *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) (quoting Fed. R. Civ. P. 37(b)(2)(A)).

**D. Local Rules on Attorney Conduct**

Plaintiff also cites Local Rule 83 as a basis for its motion for sanctions. Local Rule 83-7, Standards of Professional Conduct, provides:

> Every attorney admitted to general or special practice and every law student appearing pursuant LR 83-5 must:
>
> (a) Be familiar and comply with the Oregon State Bar Standards of Professional Conduct and this Court's Statement of Professionalism. (See Statement of Professionalism.)
>
> (b) Maintain the respect due to courts of justice and judges.
>
> (c) Perform with the honesty, care, and decorum required for the fair and efficient administration of justice.
>
> (d) Discharge his or her obligations to clients and the Court and assist those in need of counsel when requested by the Court.

Local Rule 83-8, Cooperation Among Counsel, provides:

> (a) Counsel must cooperate with each other, consistent with the interests of their clients, in all phases of the litigation process and be courteous in their dealings with each other, including matters relating to scheduling and timing of various discovery procedures.

> (b) The Court may impose sanctions if it finds that counsel has been unreasonable in not accommodating the legitimate requests of opposing counsel. In a case where an award of attorney fees is applicable, the Court may consider lack of cooperation when setting the fee.

Local Rule 83-7(a) refers to this court's Statement of Professionalism, which includes fourteen guidelines for proper conduct that apply to all attorneys admitted to practice in this court. This court has imposed sanctions based in part on Local Rule 83-8. *See Lee v. Columbia Collection Servs., Inc.*, No. 3:13-cv-02033-ST, 2015 WL 758995, at *4 (D. Or. Feb. 23, 2015) (imposing sanctions when the plaintiff's attorney "had no reasonable justification for attempting to terminate [a witness's] deposition before allowing [the defendant's attorney] an opportunity to cross-examine her").

## DISCUSSION

Plaintiff contends that Vocht should be sanctioned, arguing that Vocht's "motions, pleadings, and tactics throughout this litigation have been replete with factual inaccuracies, incorrect assertions of law, baseless legal arguments, and typographical errors." Pl.'s Suppl. Mot. Sanctions 6, ECF No. 254. Plaintiff contends that Trauman should be sanctioned because he allegedly acted in bad faith to delay and avoid the trial.

## I. Vocht's Conduct

Plaintiff requests more than $200,000 in sanctions under Rule 11 against Vocht for attorney's fees incurred by Plaintiff in opposing Defendants' motions, including Defendants'

Motion for Leave to Amend Counterclaim, ECF No. 116; Amended Motion to Dismiss for
Failure to State a Claim, ECF No. 130; and Second Motion for Summary Judgment, ECF No.
136, as well as fees incurred in filing its own Motion for Partial Summary Judgment, ECF No.
137. Plaintiff contends that Defendants' briefs were filled with legal and factual errors, and that
Plaintiff incurred fees correcting Defendants' mistakes and opposing arguments that Defendants
ultimately conceded.

Plaintiff has not shown that Defendants' legal positions were frivolous. *See Conn v.
Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992) (in assessing frivolousness, issue is not whether
pleader is correct in her perception of the law). The Supreme Court has cautioned that Rule 11
should not be used to "chill vigorous advocacy." *Cooter & Gell*, 496 U.S. at 393. And the Ninth
Circuit has emphasized that "Rule 11 is an extraordinary remedy, one to be exercised with
extreme caution." *Conn*, 967 F.2d at 1421 (citation omitted).

Nor has Plaintiff shown that Vocht took legal positions for an improper purpose. *See
Zaldivar*, 780 F.2d at 831-32 (under Rule 11, court "focuses upon the improper purpose of the
signer, objectively tested, rather than the consequences of the signer's act, subjectively viewed by
the signer's opponent"). Plaintiff has not shown that Vocht should be sanctioned under Rule 11.

Plaintiff also seeks sanctions for (1) Vocht's failure to correctly number documents;
(2) Vocht's conduct during depositions; (3) Vocht's claim that Plaintiff had wiretapped her; and
(4) Vocht's initial opposition to Plaintiff's motion for provisional process. I have reviewed the
parties' descriptions of these incidents, and find that whether considered together or separately,
these incidents are not serious enough to support sanctions under any of the legal bases for
sanctions. For example, Vocht's failure to number documents correctly may have created

additional work for Plaintiff's counsel, but there is no evidence that Vocht's conduct was intentional.

Plaintiff seeks about $100,000 in fees incurred for trial preparation between May 29, 2018, and June 21, 2018, when Defendants notified the court and counsel that each Defendant had petitioned for bankruptcy relief. Plaintiff argues that these fees could have been avoided because "Defendants' Counsel knew that Defendants were preparing to file bankruptcy and stay the litigation." Pl.'s Suppl. Mot. Sanctions 22.

Plaintiff has not shown that Vocht should be sanctioned for failing to warn Plaintiff that Defendants would seek bankruptcy relief. Vocht denies knowing whether Defendants would seek bankruptcy protection, and denies giving Defendants legal advice regarding bankruptcy. Even if Plaintiff could show that Vocht knew Defendants intended to seek bankruptcy protection, Plaintiff has not shown that Vocht was under an ethical obligation to notify Plaintiff. I conclude that Vocht's conduct regarding Defendants' bankruptcy petitions is not a basis for sanctions.

## II. Trauman's Conduct

Plaintiff seeks sanctions against Trauman, contending that his request for a set-over of the trial was an improper delaying tactic. Plaintiff also argues that Trauman caused Plaintiff to incur further fees by successfully seeking to withdraw as local counsel. I conclude, however, that Trauman's actions do not support an award of sanctions.

In October 2017, this court set a ten-day jury trial to begin March 27, 2018. ECF No. 120. In February 2018, Trauman notified Plaintiff's counsel that he was seeking a set-over of the trial to take paternity leave. Trauman now explains that when this court originally set the trial date, the baby was expected to arrive in mid-April, but in late February a physician found

Page -9-    OPINION AND ORDER

medical complications requiring that labor be induced early. On March 1, 2018, I granted

Trauman's request for a set-over. ECF No. 185. This court's schedule required resetting the trial

to July 2018, although Trauman stated that he would accept a set-over of a few weeks. I find that

Trauman did not commit sanctionable behavior in seeking a set-over.

On May 1, 2018, Trauman moved to withdraw as local counsel. ECF No. 197. At a

telephone hearing on May 4, 2018, I provisionally granted Trauman's motion to withdraw, and

gave Vocht twenty days to notify the court whether Defendants had retained new local counsel.

ECF No. 200. Defendants did not retain new local counsel, and on May 24, 2018, Plaintiff

moved for entry of default as to Defendants ANF and Frevol because these defendants could not

proceed without counsel. ECF No. 207. I denied Plaintiff's motion for default, ruling that with

trial imminent, Vocht could represent Defendants without local counsel. ECF No. 216. I find

that Plaintiff has not shown Trauman's request to withdraw justifies sanctions.

### III. Conclusion

I have presided over this litigation from the filing of the complaint. I had concerns that

some of Defendants' filings included dubious arguments and were somewhat disorganized. I

conclude, however, that sanctions are not warranted under Rule 11 or the other sources of

authority for imposing sanctions. Plaintiff has not shown that Defendants' counsel took positions

in bad faith, or improperly attempted to delay or obstruct the trial. I also conclude that

Defendants have not shown that Plaintiff's counsel should be sanctioned.

### CONCLUSION

Plaintiff's Motion for Imposition of Sanctions, ECF No. 156, and Supplemental Motion

for Imposition of Sanctions, ECF No. 254, are DENIED. Defendants' counsel Michelle Vocht's

Page -10- OPINION AND ORDER

request for sanctions, ECF No. 258, and Alexander Trauman's request for sanctions, ECF No. 260, are DENIED.

IT IS SO ORDERED.

Dated this 1st day of October, 2018.

Honorable Paul Papak
United States Magistrate Judge